IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION


EDWINNA DONNELL CECIL,          )
              PLAINTIFF,      )
     )
v     )
     )
MISSY WOODARD, INDIVIDUALLY     )
 and IN HER OFFICIAL CAPACITY AS     )
 POLICE OFFICER FOR THE TOWN     )
 OF TAZEWELL, VIRGINIA,     )
     )
CHRISTOPHER SHORTRIDGE,     )
 INDIVIDUALLY and IN HIS OFFICIAL     )
 CAPACITY AS A POLICE OFFICER     )
 FOR THE TOWN OF TAZEWELL, VIRGINIA,  )
     )
DeWITT COOPER INDIVIDUALLY     )
 and IN HIS OFFICIAL CAPACITY AS     )
 CHIEF OF POLICE FOR THE TOWN     )
 OF TAZEWELL, VIRGINIA,     )
     )
          DEFENDANTS.     )

Serve: MISSY WOODARD
      Town of Tazewell Police Department
      Central Street
      Tazewell, Virginia 24651

      CHRISTOPHER SHORTRIDGE
      SW VA Regional Jail
      Abingdon Division
      15205 Joe Derting Dr.
      Abingdon, Virginia 24201

      DeWITT COOPER
      City of Galax Police Department
      Galax, Virginia

## COMPLAINT

COMES NOW the Plaintiff, Edwinna Cecil, (hereafter, "Cecil"), and for her causes of action against the Defendants allege and represent as follows:

## JURISDICTION

This cause of action for damages arises under the United States Constitution, particularly, under the Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and as well as, under constitution and statutes of the Commonwealth of Virginia and under federal law, a violation of the Civil Rights Act committed by the Defendants against the Plaintiff. Therefore, original Federal jurisdiction is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964 [42 U.S.C. Sections 1983 and 1984].

II.

This Court has jurisdiction of this cause under, and by the virtue of, Title 28 of the United States Code Section 1331 and 1343.

III.

Venue is invoked in the United States District Court of the Western District of Virginia on the grounds that said District Court lies within Judicial District in the Commonwealth of Virginia where the acts and omissions are alleged to have been committed or omitted by the Defendants.

## PARTIES

IV.

For all time periods relevant to this action, the Plaintiff is a black, female citizen of the

*Edwinna Cecil v. DeWitt Cooper, et als. - Complaint – Page 2*

United States and a resident of and domiciled in Tazewell County, Virginia.

V.

A.  For all time periods relevant to this action, the Defendant, Missy Woodard, was a citizen of the United States of America; was a resident of and domiciled in Tazewell County, Virginia; and at all times herein mentioned, was the duly appointed and sworn deputy sheriff for the Sheriff of Buchanan County, and was acting in that capacity.  The office of Sheriff is an office created under the Constitution of the Commonwealth of Virginia and his deputies are appointed pursuant to the statutes of the Commonwealth and act in accordance therewith in their official capacity.

B.   For all time periods relevant to this action, the Defendants Missy Woodard, Christopher Shortridge and DeWitt Cooper, were a citizen of the United States of America; were residents of and domiciled in Tazewell County, Virginia; and at all times herein mentioned, was the duly appointed and sworn police officers for the Town of Tazewell, Virginia, (DeWitt Cooper being the chief of police) and were acting in that capacity.  The Police Department for the Town of Tazewell is created pursuant to the charter and ordinances of the Town of Tazewell, Virginia, which is a municipal corporation and political subdivision of the Commonwealth of Virginia.

VI.

For all time periods relevant to this action, Cecil was employed by Tazewell 911, as a dispatcher for the Sheriff's Department and various police departments in Tazewell County, Virginia and a sworn employee of the Tazewell County Sheriff's Office.

VII.

Cecil is a member of a suspect and protected class.

VIII.

All of the actions hereinafter complained of occurred in Tazewell County, Virginia.

IX.

As such, for all time periods relevant to this action, the Defendants acted under the authority of and in their official capacities as police officers for the Town of Tazewell, Virginia and the Commonwealth of Virginia

X.

The Defendants were, therefore, acting under color of state law.

**FACTS**

XI.

A.  On the 18th day of June, 2017, Cecil had been working in her job as a dispatcher and then was returning home.

B.  On her way home, Cecil came upon a motor vehicle accident in which her boyfriend, a black American male, had been involved in.  She asked permission from Christopher Shortridge to move the vehicle, which her boy friend was driving.  He gave her permission.  She moved the vehicle to a place within sight of the accident and told Shortridge where it had been moved.  She then took her vehicle from the seen.

C.  Subsequently, the Plaintiff was detained and then arrested by or at the behest of the Defendants and the command of DeWitt Cooper for a count of felony impeding a criminal

investigation in violation of Virginia Code Section 18.2-462 as well misdemeanor obstruction of justice, in violation of Virginia Code Section 18.2-460.

D.  The arrest was based upon the Plaintiff's moving of the motor vehicle, as permitted by Defendant, Shortridge.

E.  The Defendant was not involved in any manner in the underlying crimes for which she was being arrested but, instead solely because she was the purported girlfriend of the black male, she was a black female and she was a sworn officer of the Sheriff of Tazewell County, with whom the Police Department of the Town of Tazewell, through its chief, was having a conflict.  She was not arrested at the place of the purported offense.

F.  The Defendant was handcuffed, placed in a cruiser and then taken the Magistrate's Office where she was booked for the alleged crimes,.

G.  No probable cause supported the warrants for the crimes charged and misinformation was given to the Magistrate, under oath by, and/or on the behalf of, the Defendants.

H.  The Defendants had no reason to have any reasonable suspicion that Cecil was engaged in unlawful activity.

I.  The Defendants acted with force and violence against the Plaintiff during the arrest causing Cecil both to suffer great injury of body and mind

J.  The Defendants acted in concert with one another in this matter.

K.  The Defendants acted intentionally, with malice, with great recklessness and with gross negligence and wanton disregard of the rights of the Plaintiff.

L.  The Defendant appeared before a magistrate in Tazewell County, Virginia, and was

released on bond from the jail facility.

M.  Later on that same day, the Attorney for the Commonwealth *nolle prosequied* the charges.

N. The Plaintiff was caused great injury of body, and mind and her reputation in the community was damaged.

O.  The Plaintiff faced suspension from and loss of her job with law enforcement.

P.  She has since felt as if she were walking around with a target on her back, has had resentment of police officers, with whom she must work, lost self esteem, caused her to become anxious and unable to handle stress as she had before, has problems sleeping, had night mares and night terrors, and has lost her ability to be intimate with people, as she had been before the incident.

Q.  The foregoing conduct was purely harassing conduct by the Defendants and had they been truthful with the Magistrate such actions would not have occurred.

R.  Because of the foregoing the conduct by the Defendant, the Plaintiff was caused to expend sums of money for the Defendant of the case and in mitigating her damages by having her record expunged by order of the Circuit Court for Tazewell County, Virginia on the 17th day of July 2017.

S.  The actions of the Defendant were taken under color of state law.

T.  The actions of the Defendants violated here liberty, property and Due Process rights pursuant to the Fourteenth Amendment to the Constitution of the United States of America.

## <u>CLAIM FOR RELIEF</u>

### XII.

The Defendants acted with deliberate indifference as well as careless and reckless disregard toward the Plaintiff's Constitutional Rights, health and safety. Said conduct was objectively serious and incompatible with contemporary standards of decency and serve no legitimate law enforcement purpose.

### XII.

The above-alleged acts of the Defendants, including without limitations, including without limitation, cruel and unusual punishment, violation of the Eighth Amendment of the United States Constitution.

### XIII.

Each of the Defendants' actions constitute, penal measures and conditions which violate civilized standards and concepts of humanity and decency and are prohibited under the Eighth Amendment of the Unites States Constitution as applied to the States through the Fourteenth Amendment. (All references to the Eighth Amendment in this Complaint are as applied to the States through the Fourteenth Amendment.)

### XIV.

Each of the Defendants' actions and omissions imposed the unnecessary and unwarranted infliction of pain which constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendment to the United States Constitution.

XV.

Said Defendant's official conduct has objectively caused serious injury to the Plaintiff.

XVI.

Said actions by the Defendants violated the clearly established rights of the Plaintiff pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and Article I Section 8 of the constitution of the Commonwealth of Virginia and the Statutes of the Commonwealth of Virginia as well as injury to her liberty and property interests.

XVII

The Defendants should have known that said conduct was unlawful in light of clearly established law which any person would have known.

XVIII

In addition to the other violation of the rights of the Plaintiff, as set out above, she suffered from:

1.          Unlawful Arrest;

2.          Abuse of Process;

3.          Malicious Prosecution; and,

4.          Intentional Infliction of Emotional Distress.

XIX.

As the direct and proximate cause of the Defendants' unlawful, deliberate, reckless, careless, wanton and grossly negligent acts and omissions, the Plaintiff has suffered the following injuries and losses:

(1)          Embarrassment, humiliation, degradation and indignity to her person and to her reputations;

(2)          Emotional pain and suffering;

(3)          Mental anguish and anxiety as well as permanent psychological traumas;

(4)          Substantial loss of enjoyment of life; and,

(1)          Permanent harm to her reputation.

## CLAIM  FOR DAMAGES AND RELIEF

### XIV.

Wherefore the Plaintiffs, jointly and severally, request and move the Court for the following relief:

1.  Judgment against the Defendant, and in his official capacity for compensatory damages in the amount of $500,000.00.

3.  Trial by Jury; and,

4.  Judgment against the Defendant for attorneys fees, expert fees and related costs of the Plaintiff.

5.  Interest on the judgment as the Court deems appropriate.

Edwinna Donell Cecil


By: //Robert M. Galumbeck
Of Counsel


Robert M. Galumbeck, Esquire
Galumbeck & Kegley, Attorneys at Law
P. O. Box 626

Edwinna Cecil v. DeWitt Cooper, *et als.* - Complaint – Page 9

206 Main Street
Tazewell, Virginia 24651
Telephone: (276) 988-6561
Facsimile: (276) 988-2921
RMGalumbeck@aol.com
Virginia State Bar Number: 15829